IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUBREY WESTON, VIRGIL BAINE, ) <br> GILFORD HOPKINS, WILLIAM HUDSON, ) <br> ERNEST POWELL, KENNETH SAMPSON ) <br> AND VINCENT WISE, SR. ) <br>   ) <br>   Plaintiffs, ) <br>   v. ) <br>   ) <br> MOUNTAIRE FARMS, INC., MOUNTAIRE ) <br> FARMS OF DELAWARE, INC, and ) <br> MOUNTAIRE FARMS OF DELAWARE, ) <br>   all Delaware Corporations ) <br>   ) <br>   Defendants. ) | C.A. NO. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

### INTRODUCTION

1.  Plaintiffs are residents of the State of Delaware who are employed by Mountaire Farms of Delaware, Inc. (hereinafter, "Defendants"). Plaintiffs have filed this action against Defendants for past and ongoing wages owed in the nature of unpaid overtime pay, as well as other damages and remedies. Plaintiffs contend that Defendants violated and continues to violate the *Fair Labor Standards Act* (hereinafter, "FLSA"), as amended, 29 U.S.C. § 201 et seq., as well as the applicable United States Department of Labor Regulations, including 29 C.F.R. § 541.103 et seq. and the *Delaware Wage Payment and Collection Act*, Chapter 11, Title 19 of the Delaware Code pursuant to 19 Del. C. § 1113(a).

## JURISDICTION AND NATURE OF ACTION

2. This Court has federal question jurisdiction over this cause of action pursuant to Section 16(b) of the FLSA, as amended, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132 and/or § 1451, as well as 28 U.S.C. § 1391(b).

4. At all relevant times herein, Defendants' business activities are related and performed through unified operations or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

5. At all relevant times herein, Defendants employed and continue to employ persons in its place of business in furtherance of the activities of the above enterprise while engaged in commerce and, also at all relevant times herein, Defendants engaged and continues to engage in commerce by handling, selling and/or working on goods or materials that have been moved in, or produced for, commerce.

6. At all relevant times herein, Defendants' business and enterprise has an annual gross volume of sales made or business done in an amount of not less than Five Hundred Thousand Dollars ($500,000.00).

## PARTIES

7. Plaintiff, Aubrey Weston, is an individual residing at 29 Big Mill Branch, Seaford, DE 19973. He had been continuously employed by Defendant as a Crew Leader at all times relevant to this Complaint.

8.  Plaintiff, Virgil Baine, is an individual residing at 34908 Bennett Road, Frankford, DE 19945. He has been continuously employed by Defendant as a Crew Leader at all times relevant to this Complaint.

9.  Plaintiff, Gilford Hopkins is an individual residing at 21800 Acorn Drive, Georgetown, DE 19947. He has been continuously employed by Defendant as a Crew Leader at all times relevant to this Complaint.

10. Plaintiff, William B. Hudson, is an individual residing at 31579 Polly Branch Road, Selbyville, DE 19975. He has been continuously employed by Defendant as a Crew Leader at all times relevant to this Complaint.

11. Plaintiff, Ernest Powell is an individual residing at 27811 Sandy Drive, Millsboro, DE 19966. He has been continuously employed by Defendant as a Crew Leader at all times relevant to this Complaint.

12. Plaintiff, Kenneth Sampson, is an individual residing at 13990 South Old State Road, Ellendale, DE 19941. He has been continuously employed by Defendant as a Crew Leader at all times relevant to this Complaint.

13. Plaintiff, Vincent Wise, Sr., is an individual residing at 29510 Second Street, Millsboro, DE 19966. He has been continuously employed by Defendant as a Crew Leader at all times relevant to this Complaint.

14. Defendants are Delaware corporations duly organized and existing under the laws of the State of Delaware, whose registered agent for the service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## FACTUAL BACKGROUND

14. Defendants are Delaware corporations that, by and through their employees, including Plaintiffs, are engaged in the production, processing and distribution of poultry products for consumers.

15. Plaintiffs have been employed by Defendants within the past three (3) years.

16. For the past several years, going back at least three (3) years for the purpose of this action, Plaintiffs have been classified as "exempt" employees pursuant to the FLSA and thereby were not paid time-and-a-half for hours worked in excess of forty (40) hours per week.

17. The duties of Plaintiffs do not meet the executive exception to the non-exemption statutes, nor any other exception, to the relevant sections of the FLSA as defined under the statute and the applicable Code of Federal Regulations.

18. At all relevant times herein, Defendants followed and continue to follow a corporate policy and/or practice that requires Plaintiffs to submit a daily time sheet broken down for each day of the week.

19. For the three (3)-year period immediately preceding the filing of this Complaint, Defendants failed to pay Plaintiffs the compensation to which they were entitled under the FLSA; Plaintiffs have been paid only for the time beginning when the farm(s) they are assigned to open, and have not been paid for any of the time they are required to travel, pick up, and return home the catchers necessary to perform the work at the farm(s), resulting in Plaintiffs not being paid for numerous hours worked beyond forty (40) every week.

20. On average, Plaintiffs work three (3) to five (5) overtime hours per day, fifteen (15) to twenty-five (25) overtime hours per week, if not more, in excess of forty (40) hours without any overtime compensation from Defendants whatsoever.

21. At all relevant times herein, Defendants followed and enforced, and continue to follow and enforce, a corporate policy and/or practice of partial day deductions, in that any partial time taken off from normal working hours by any of Plaintiffs, other than established work holidays, is deducted from their compensation.

22. Because of Defendants' policy and/or practice as described in Paragraph 21 supra, Plaintiffs are subjected to a partial day deductions for partial time off from normal work hours, whereby they directly receive a reduction in the amount of compensation because of violations in the quantity of the work performed, or directly receive such reduction in the amount of compensation in the event they choose to charge the time off from normal work hours against their vacation or sick time or to make up the time outside normal work hours.

23. Despite their policy and/or practice of partial pay deductions, as described in Paragraphs 21 through 22 supra, at all times herein, Defendants improperly classified and continue to improperly classify Plaintiffs as exempt from the overtime requirements of the FLSA and applicable regulations.

24. Plaintiffs worked in excess of forty (40) hours continually in various work weeks throughout the previous three (3) years, and they continue to work in excess of forty (40) hours in various work weeks and will likely continue to do so hereafter, without receiving the proper amount of overtime pay.

25. Plaintiffs are employed by Defendants as Crew Leaders. As Crew Leaders, Plaintiffs had no power to hire or fire employees, nor to make any recommendations that were given particular weight by management. Plaintiffs were not permitted to make their own work hours or schedules. All of the aforementioned management responsibilities were dictated to Plaintiffs by Defendants. Plaintiffs never qualified for the management exception to the FLSA.

26. During the proceeding three (3) years, Defendants knew that Plaintiffs were working in excess of forty (40) hours per work week, and that Plaintiffs were not receiving the compensation to which Plaintiffs were entitled under the FLSA and Delaware law.

27. Defendants were put on notice by the undersigned counsel on behalf of Plaintiffs by letter dated February 27, 2004 that its policies and/or practices described herein are improper and illegal but Defendants have continued said policies and/or practices to date and will likely continue them in effect hereafter.

28. Defendants knew at all times, and showed reckless disregard for the fact that their pay policies and/or practices violated the FLSA. Defendants' violations of the FLSA were committed willfully and recklessly.

29. As a result of the foregoing, Defendants have willfully and continuously failed and refused to pay Plaintiffs time-and-a-half for weeks in which they worked in excess of forty (40) hours, and Defendants' willful failure and refusal to pay Plaintiffs time-and-a-half for overtime work continues to this date and is likely to continue hereafter.

30. The precise amount of compensation due to Plaintiffs is unknown because the information required (i.e. time records, work schedules, etc.) is under the exclusive control of Defendants. Plaintiffs, nonetheless, believe that the compensation owed to them is quite substantial.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

31. Plaintiffs repeat and re-allege the allegations of Paragraphs 1 through 30 by reference as if specifically set forth herein.

32. Defendants have at all times herein, continuously and willfully violated, and continue to willfully violate, Sections 7 and 5(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by misclassifying Plaintiffs as employees who are exempt from the overtime requirements of the FLSA and applicable regulations and in failing and refusing, and continuing to fail and refuse, to pay time-and-a-half to Plaintiffs who have routinely worked, and continue to work, in excess of forty (40) hours per work week. Such violations are likely to continue hereafter, unless enjoined through this action.

33. The FLSA violations set forth in the preceding paragraphs, have been and continue to be knowing and willful. Among other things, Defendants were put on notice by letter of February 27, 2004 that their policies and/or practices as identified herein were improper and illegal under the FLSA and applicable regulations. Despite this notice, Defendants have knowingly and intentionally continued its illegal policies and/or practices to date, and is likely to continue such policies and/or practices hereafter unless enjoined through this action. Defendants are bound by both federal and state law to pay

all non-exempt employees time-and-a-half for every work hour completed above and beyond a standard forty (40)-hour work week.

## COUNT II
## VIOLATION OF THE WAGE PAYMENT AND COLLECTION ACT

34. Plaintiffs repeat and re-allege the allegations of Paragraphs 1 through 33 by reference as if specifically set forth herein.

35. Defendants are an "employers" within the meaning of 19 Del. C. § 1101(a)(3), and Plaintiffs are "employees" within the meaning of 19 Del. C. § 1101(a)(4).

36. Defendants willfully determined not to pay Plaintiffs' overtime as alleged above herein, in violation of 19 Del. C. § 1102(b)(1). Plaintiffs are entitled to liquidated damages in an amount equal to the unpaid overtime pursuant to 19 Del. C. § 1103 (b) and attorneys' fees, costs of prosecution and costs of this action pursuant to 19 Del. C. § 1113(c).

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants for damages past and ongoing, unpaid overtime wages, interest, liquidated damages as provided by the law, damages pursuant to the *Delaware Wage Payment and Collection Act*, reasonable attorneys' fees, expert witness fees and costs, court costs, punitive damages and such other relief and damages as may be provided by law. Furthermore, Plaintiffs request that Defendants be permanently enjoined from continuing the policies and/or practices identified herein, which have been and continue to be in direct violation of the FLSA, the applicable regulations, and the *Delaware Wage Payment and Collection Act*.

MARGOLIS EDELSTEIN

Jeffrey K. Martin, Esquire (#2407)
1509 Gilpin Avenue
Wilmington, Delaware 19806
(302) 777-4680 phone
(302) 777-4682 facsimile
Attorney for Plaintiffs

Dated: January __26__, 2007

®JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provide by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating th civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a)** Aubrey Weston, Virgil Baine, Gilford Hopkins, William Hudson, Ernest Powell, Kenneth Sampson, and Vincent Wise, Sr., PLAINTIFFS

Mountaire Farms, Inc., Mountaire Farms of Delaware, Inc., and Mountaire Farms of Delaware, all Delaware Corporations, DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff – Sussex County  (EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Sussex County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jeffrey K. Martin
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4680

Attorneys (If Known)
Arthur M. Brewer
Shawe & Rosenthal LLP
20 S. Charles Street 11th Floor
Baltimore, MD 21201

Matthew Boyer
Connolly Bove Lodge & Hutz
1007 N Orange Street
Wilmington, DE 19801

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- O 1 U.S. Government Plaintiff
- O 2 U.S. Government Defendant
- O 3 Federal Question (U.S. Government Not a Party)
- O 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | O 1 | Incorporated or Principal Place of Business In This State | O 4 | X 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business In Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| O 120 Marine | O Airplane | O 362 Personal Injury - Med. Malpractice | O 620 Other Food & Drug | O 423 Withdrawal 28 USC 157 | O 410 Antitrust |
| O 130 Miller Act | O Airplane Product Liability | O 365 Personal Injury - Product Liability | O 625 Drug Related Seizure of Property 21 USC 881 | | O 430 Banks and Banking |
| O 140 Negotiable Instrument | O Assault, Libel & Slander | O 368 Asbestos Personal Injury Product Liability | O 630 Liquor Laws | **PROPERTY RIGHTS** | O 450 Commerce |
| O 150 Recovery of Overpayment & Enforcement of Judgment | O Federal Employers' Liability | | O 640 R.R. & Truck | O 820 Copyrights | O 460 Deportation |
| O 151 Medicare Act | O 340 Marine | **PERSONAL PROPERTY** | O 650 Airline Regs. | O 830 Patent | O 470 Racketeer Influenced and Corrupt Organizations |
| O 152 Recovery of Defaulted Student Loans (Excl. Veterans) | O 345 Marine Product Liability | O 370 Other Fraud | O 660 Occupational Safety/Health | O 840 Trademark | O 480 Consumer Credit |
| O 153 Recovery of Overpayment of Veteran's Benefits | O Motor Vehicle | O 371 Truth in Lending | O 690 Other | | O 490 Cable/Sat TV |
| O 160 Stockholders' Suits | O Motor Vehicle Product Liability | O 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | O 810 Selective Service |
| O 190 Other Contract | O Other Personal Injury | O 385 Property Damage Product Liability | X 710 Fair Labor Standards Act | O 861 HIA (1395ff) | O 850 Securities/Commodities/ Exchange |
| O 195 Contract Product Liability | | | O 720 Labor/Mgmt. Relations | O 862 Black Lung (923) | O 875 Customer Challenge 12 USC 3410 |
| O 196 Franchise | | | O 730 Labor/Mgmt.Reporting & Disclosure Act | O 863 DIWC/DIWW (405(g)) | O 890 Other Statutory Actions |
| | | | O 740 Railway Labor Act | O 864 SSID Title XVI | O 891 Agricultural Acts |
| | | | | O 865 RSI (405(g)) | O 892 Economic Stabilization Act |
| O 210 Land Condemnation | O 441 Voting | O 510 Motions to Vacate Sentence | O 790 Other Labor Litigation | **FEDERAL TAX SUITS** | O 893 Environmental Matters |
| O 220 Foreclosure | O 442 Employment | **Habeas Corpus:** | O 791 Empl. Ret. Inc. Security Act | O 870 Taxes (U.S. Plaintiff or Defendant) | O 894 Energy Allocation Act |
| O 230 Rent Lease & Ejectment | O 443 Housing/ Accommodations | O 530 General | | O 871 IRS—Third Party 26 USC 7609 | O 895 Freedom of Information Act |
| O 240 Torts to Land | O 444 Welfare | O 535 Death Penalty | | | O 900 Appeal of Fee Determination Under Equal Access to Justice |
| O 245 Tort Product Liability | O 445 Amer. w/Disabilities - Employment | O 540 Mandamus & Other | | | |
| O 290 All Other Real Property | O 446 Amer. w/Disabilities - Other | O 550 Civil Rights | | | O 950 Constitutionality of State Statutes |
| | O 440 Other Civil Rights | O 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- X 1 Original Proceeding
- ☐ 2 from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 from district Litigation
- O 6
- O 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 29 U.S.C. §201

Brief description of cause: Violation of FLSA laws

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P.23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: X Yes  O No

## VIII. RELATED CASE(S) IF ANY

Willie Davis v. Mountaire Farms
(See instructions): JUDGE
DOCKET NUMBER C.A. No. 04-0414-

DATE 1/26/07

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____4____ COPIES OF AO FORM 85.

JAN 2 6 2007                    _Eric McLaughlin_ (signature)
_____             _____
(Date forms issued)             (Signature of Party or their Representative)

                                Eric McLaughlin
                                _____
                                (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action