IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUBREY WESTON, et al. : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 1:07-cv-00052 |
| : | |
| MOUNTAIRE FARMS, INC., : | |
| CHER VINK and BRUCE WEST, : | |
| Corporate Officers of MOUNTAIRE : | |
| FARMS, INC., et al., : | |
| : | |
| Defendants. : | |

### MOTION FOR LEAVE OF COURT TO AMEND THE COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(3), Plaintiffs herein respectfully request that the Court grant Plaintiffs' leave to file Amended Complaint to add a count of retaliation and add as parties Defendant, Mountaire Corporate Officers, Bruce West and Cher Vink for the reasons that follow:

1. Mountaire has in the last two weeks relieved two Plaintiff Crew Leaders of their Crew leader positions that they have occupied for several years. As set forth in Plaintiffs' Motion for Temporary Restraining Order and/or Preliminary Injunction, Plaintiffs have reason to believe that this action is in retaliation for Plaintiffs exercising their rights under the Fair Labor Standards Act by making a claim for overtime compensation.

2. The actions transferring the two Plaintiff Crew Leaders from their Crew Leader position to positions in the poultry processing plant were announced to Plaintiffs by Mountaire's Live Haul Manager, Bruce West. On information and belief, Mountaire's Human Resources Director, Cher Vink, who attended the depositions of each of the Plaintiffs, along with Bruce West, is also involved in these retaliatory transfers.

3.  Plaintiffs propose to amend the Complaint as shown in Exhibit "1".

>                                   MARTIN & WILSON, P.A.
>
>                                   _____
>                                   Jeffrey K. Martin, Esquire (#2407)
>                                   Timothy J. Wilson, Esquire (#4323)
>                                   1508 Pennsylvania Avenue
>                                   Wilmington, Delaware 19806
>                                   (302) 777-4680 phone
>                                   (302) 777-4682 facsimile
>                                   Attorney for Plaintiffs

Dated: July 16, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUBREY WESTON, et al.<br><br>    Plaintiff,<br><br>v.<br><br>MOUNTAIRE FARMS, INC.,<br>MOUNTAIRE FARMS OF DELAWARE,<br>INC. and MOUNTAIRE FARMS OF<br>DELAWARE, all Delaware Corporations,<br><u>CHER VINK and BRUCE WEST,<br>Corporate Officers of MOUNTAIRE<br>FARMS, INC.</u>,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:   Civil Action No. 1:07-cv-00052<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## AMENDED COMPLAINT

### INTRODUCTION

1.    Plaintiffs are residents of the State of Delaware who are employed by Mountaire Farms of Delaware, Inc. (hereinafter, "Defendants"). Plaintiffs have filed this action against Defendants for past and ongoing wages owed in the nature of unpaid overtime pay, as well as other damages and remedies. Plaintiffs contend that Defendants violated and continues to violate the *Fair Labor Standards Act* (hereinafter, "FLSA"), as amended, 29 U.S.C. § 201 et seq., as well as the applicable United States Department of Labor Regulations, including 29 C.F.R. § 541.103 et seq. and the *Delaware Wage Payment and Collection Act*, Chapter 11, Title 19 of the Delaware Code pursuant to 19 Del. C. § 1113(a).

## JURISDICTION AND NATURE OF ACTION

2.  This Court has federal question jurisdiction over this cause of action pursuant to §§16(b) and 15(a)(3) of the FLSA, as amended, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

3.  Venue is proper in this Court pursuant to 29 U.S.C. § 1132 and/or § 1451, as well as 28 U.S.C. § 1391(b).

4.  At all relevant times herein, Defendants' business activities are related and performed through unified operations or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

5.  At all relevant times herein, Defendants employed and continue to employ persons in its place of business in furtherance of the activities of the above enterprise while engaged in commerce and, also at all relevant times herein, Defendants engaged and continues to engage in commerce by handling, selling and/or working on goods or materials that have been moved in, or produced for, commerce.

6.  At all relevant times herein, Defendants' business and enterprise has an annual gross volume of sales made or business done in an amount of not less than Five Hundred Thousand Dollars ($500,000.00).

## PARTIES

7.  Plaintiff, Aubrey Weston, is an individual residing at 29 Big Mill Branch, Seaford, DE 19973. He had been continuously employed by Defendant as a Crew Leader at all times relevant to this Complaint.

8. Plaintiff, Virgil Baine, is an individual residing at 34908 Bennett Road, Frankford, DE 19945. He has been continuously employed by Defendant as a Crew Leader at all times relevant to this Complaint.

9. Plaintiff, Gilford Hopkins is an individual residing at 21800 Acorn Drive, Georgetown, DE 19947. He has been continuously employed by Defendant as a Crew Leader at all times relevant to this Complaint.

10. Plaintiff, William B. Hudson, is an individual residing at 31579 Polly Branch Road, Selbyville, DE 19975. He has been continuously employed by Defendant as a Crew Leader at all times relevant to this Complaint.

11. Plaintiff, Ernest Powell is an individual residing at 27811 Sandy Drive, Millsboro, DE 19966. He has been continuously employed by Defendant as a Crew Leader at all times relevant to this Complaint.

12. Plaintiff, Kenneth Sampson, is an individual residing at 13990 South Old State Road, Ellendale, DE 19941. He has been continuously employed by Defendant as a Crew Leader at all times relevant to this Complaint.

13. Plaintiff, Vincent Wise, Sr., is an individual residing at 29510 Second Street, Millsboro, DE 19966. He has been continuously employed by Defendant as a Crew Leader at all times relevant to this Complaint.

14. Defendants, Mountaire Farms, Inc., Mountaire Farms of Delaware, Inc. and Mountaire Farms of Delaware, are Delaware corporations duly organized and existing under the laws of the State of Delaware, whose registered agent for the service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

15. <u>Defendant Cher Vink is the Director of Human Resources for Mountaire's Millsboro and Selbyville facilities and subject to service of process at Mountaire's Millsboro facility at Route 24E, Millsboro, Delaware 19966.</u>

16. <u>Defendant Bruce West is the Live Haul Manager for Mountaire's Millsboro facility and Plaintiffs' direct supervisor. He is subject to service of process at the Millsboro facility at Route 24E, Millsboro, Delaware 19966.</u>

## FACTUAL BACKGROUND

17. Defendants are Delaware corporations that, by and through their employees, including Plaintiffs, are engaged in the production, processing and distribution of poultry products for consumers.

18. Plaintiffs have been employed by Defendants within the past three (3) years.

19. For the past several years, going back at least three (3) years for the purpose of this action, Plaintiffs have been classified as "exempt" employees pursuant to the FLSA and thereby were not paid time-and-a-half for hours worked in excess of forty (40) hours per week.

20. The duties of Plaintiffs do not meet the executive exception to the non-exemption statutes, nor any other exception, to the relevant sections of the FLSA as defined under the statute and the applicable Code of Federal Regulations.

21. At all relevant times herein, Defendants followed and continue to follow a corporate policy and/or practice that requires Plaintiffs to submit a daily time sheet broken down for each day of the week.

22.  For the three (3)-year period immediately preceding the filing of this Complaint, Defendants failed to pay Plaintiffs the compensation to which they were entitled under the FLSA; Plaintiffs have been paid only for the time beginning when the farm(s) they are assigned to open, and have not been paid for any of the time they are required to travel, pick up, and return home the catchers necessary to perform the work at the farm(s), resulting in Plaintiffs not being paid for numerous hours worked beyond forty (40) every week.

23.  On average, Plaintiffs work three (3) to five (5) overtime hours per day, fifteen (15) to twenty-five (25) overtime hours per week, if not more, in excess of forty (40) hours without any overtime compensation from Defendants whatsoever.

24.  At all relevant times herein, Defendants followed and enforced, and continue to follow and enforce, a corporate policy and/or practice of partial day deductions, in that any partial time taken off from normal working hours by any of Plaintiffs, other than established work holidays, is deducted from their compensation.

25.  Because of Defendants' policy and/or practice as described in Paragraph 21 supra, Plaintiffs are subjected to a partial day deductions for partial time off from normal work hours, whereby they directly receive a reduction in the amount of compensation because of violations in the quantity of the work performed, or directly receive such reduction in the amount of compensation in the event they choose to charge the time off from normal work hours against their vacation or sick time or to make up the time outside normal work hours.

26.  Despite their policy and/or practice of partial pay deductions, as described in Paragraphs 21 through 22 supra, at all times herein, Defendants improperly classified

and continue to improperly classify Plaintiffs as exempt from the overtime requirements of the FLSA and applicable regulations.

27. Plaintiffs worked in excess of forty (40) hours continually in various work weeks throughout the previous three (3) years, and they continue to work in excess of forty (40) hours in various work weeks and will likely continue to do so hereafter, without receiving the proper amount of overtime pay.

28. Plaintiffs are employed by Defendants as Crew Leaders. As Crew Leaders, Plaintiffs had no power to hire or fire employees, nor to make any recommendations that were given particular weight by management. Plaintiffs were not permitted to make their own work hours or schedules. All of the aforementioned management responsibilities were dictated to Plaintiffs by Defendants. Plaintiffs never qualified for the management exception to the FLSA.

29. During the proceeding three (3) years, Defendants knew that Plaintiffs were working in excess of forty (40) hours per work week, and that Plaintiffs were not receiving the compensation to which Plaintiffs were entitled under the FLSA and Delaware law.

30. Defendants were put on notice by the undersigned counsel on behalf of Plaintiffs by letter dated February 27, 2004 that its policies and/or practices described herein are improper and illegal but Defendants have continued said policies and/or practices to date and will likely continue them in effect hereafter.

31. Defendants knew at all times, and showed reckless disregard for the fact that their pay policies and/or practices violated the FLSA. Defendants' violations of the FLSA were committed willfully and recklessly.

32. As a result of the foregoing, Defendants have willfully and continuously failed and refused to pay Plaintiffs time-and-a-half for weeks in which they worked in excess of forty (40) hours, and Defendants' willful failure and refusal to pay Plaintiffs time-and-a-half for overtime work continues to this date and is likely to continue hereafter.

33. The precise amount of compensation due to Plaintiffs is unknown because the information required (i.e. time records, work schedules, etc.) is under the exclusive control of Defendants. Plaintiffs, nonetheless, believe that the compensation owed to them is quite substantial.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

34. Plaintiffs repeat and re-allege the allegations of Paragraphs 1 through 30 by reference as if specifically set forth herein.

35. Defendants have at all times herein, continuously and willfully violated, and continue to willfully violate, Sections 7 and 5(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by misclassifying Plaintiffs as employees who are exempt from the overtime requirements of the FLSA and applicable regulations and in failing and refusing, and continuing to fail and refuse, to pay time-and-a-half to Plaintiffs who have routinely worked, and continue to work, in excess of forty (40) hours per work week. Such violations are likely to continue hereafter, unless enjoined through this action.

36. The FLSA violations set forth in the preceding paragraphs, have been and continue to be knowing and willful. Among other things, Defendants were put on notice

by letter of February 27, 2004 that their policies and/or practices as identified herein were improper and illegal under the FLSA and applicable regulations. Despite this notice, Defendants have knowingly and intentionally continued its illegal policies and/or practices to date, and is likely to continue such policies and/or practices hereafter unless enjoined through this action. Defendants are bound by both federal and state law to pay all non-exempt employees time-and-a-half for every work hour completed above and beyond a standard forty (40)-hour work week.

## COUNT II

## VIOLATION OF THE WAGE PAYMENT AND COLLECTION ACT

37. Plaintiffs repeat and re-allege the allegations of Paragraphs 1 through 33 by reference as if specifically set forth herein.

38. Defendants are an "employers" within the meaning of 19 Del. C. § 1101(a)(3), and Plaintiffs are "employees" within the meaning of 19 Del. C. § 1101(a)(4).

39. Defendants willfully determined not to pay Plaintiffs' overtime as alleged above herein, in violation of 19 Del. C. § 1102(b)(1). Plaintiffs are entitled to liquidated damages in an amount equal to the unpaid overtime pursuant to 19 Del. C. § 1103 (b) and attorneys' fees, costs of prosecution and costs of this action pursuant to 19 Del. C. § 1113(c).

## COUNT III

## RETALIATION

40. Within a couple of weeks from the filing of the Complaint in this matter on January 26, 2007, Live Haul Manager, Bruce West, manager of each of the Plaintiffs herein, called Plaintiffs Kenneth Sampson and Virgil Baine into his office.

41. One of the purposes of the meeting in West's office was to discuss the lawsuit that had just been filed. When Plaintiffs Sampson and Baine left Mr. West's office, they resolved, based upon Mr. West's comments, that they had no choice but to withdraw as parties Plaintiff from the instant litigation.

42. Mr. Sampson and Mr. Baine contacted the other Plaintiffs herein and a total of five of the seven Plaintiff Crew Leaders signed a Petition that was sent to their counsel in February, 2007, indicating their desire to not further participate in this litigation.

43. There were approximately twelve months of inactivity in this matter when this case was assigned to the vacant judgeship. By the time this matter had been reassigned to The Honorable Sue L. Robinson, each of the five Plaintiffs who had previously indicated a desire to leave the litigation, expressed his desire to go forward with the litigation.

44. Each of the seven Plaintiffs was deposed during the month of June concluding with the depositions of Kenneth Sampson and Vincent Wise on Friday, June 27, 2008. Attending each of the depositions of Plaintiffs was Live Haul Manager, Bruce West, and Human Resources Director, Cher Vink.

45. Less than a week following Mr. Sampson's deposition, Mr. Sampson, the Plaintiff who was initially called into the office of Bruce West and had decided to discontinue his participation in the litigation, was contacted again by Bruce West. This time, Mr. West advised Kenneth Sampson that he was being relieved of his Crew Leader responsibilities.

46   Plaintiff Sampson was transferred into the poultry processing plant where he continues to be employed by Mountaire.

47. Plaintiff Sampson strongly desires to continue to work as a Crew Leader in a capacity he has worked for Mountaire for several years and has never been made aware of any type of issues or problems with his performance or the performance of his crew.

48. Plaintiff Sampson has been replaced by an independent Crew Leader who is believed to have come from a Virginia-based firm that helps place immigrants in the poultry industry.

49. Less than a week later, on July 11, 2008, Plaintiff Aubrey Weston was advised that he was losing his position as a Crew Leader to an independent Crew Leader.

50. At the time of Mr. Weston's transfer from Crew Leader status to a position in the poultry plant, he had the most tenure of all Mountaire Crew Leaders and had the most stable crew.

51. The transfer of Plaintiffs Sampson and Weston from their long held positions as Crew Leaders to other positions within in the poultry processing plant constitutes retaliation specifically prohibited under the Fair Labor Standards Act.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants for damages past and ongoing, unpaid overtime wages, interest, liquidated damages as provided by the law, damages pursuant to the *Delaware Wage Payment and Collection Act*, reasonable attorneys' fees, expert witness fees and costs, court costs, punitive damages and such other relief and damages as may be provided by law. Furthermore, Plaintiffs request that Defendants be permanently enjoined from continuing the policies and/or practices identified herein, which have been and continue to be in direct violation of the FLSA, the applicable regulations, and the *Delaware Wage Payment and Collection Act*.

MARTIN & WILSON, P.A.

/s/ Jeffrey K. Martin

Jeffrey K. Martin, Esquire (#2407)
Timothy J. Wilson, Esquire (#4323)
1508 Pennsylvania Avenue
Wilmington, Delaware 19806
(302) 777-4680 phone
(302) 777-4682 facsimile
Attorney for Plaintiffs

Dated: July 16, 2008

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served this 16th day of July, 2008, on the below individuals via electronic mail.

Roger D. Landon, Esquire
Murphy Spadaro & Landon, P.A.
1011 Centre Road, #210
Wilmington, DE 19805
rlandon@msllaw.com

Arthur M. Brewer, Esquire
Eric Hemmendinger
SHAWE & ROSENTHAL, LLP
20 S. Charles St., 11th Floor
Baltimore, MD 21201
brewer@shawe.com
eh@shawe.com

JEFFREY K. MARTIN, ESQUIRE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served this 16th day of July, 2008, on the below individuals via electronic mail.

Roger D. Landon, Esquire
Murphy Spadaro & Landon, P.A.
1011 Centre Road, #210
Wilmington, DE 19805
rlandon@msllaw.com

Arthur M. Brewer, Esquire
Eric Hemmendinger
SHAWE & ROSENTHAL, LLP
20 S. Charles St., 11th Floor
Baltimore, MD 21201
brewer@shawe.com
eh@shawe.com

_____
JEFFREY K. MARTIN, ESQUIRE