IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AUBREY WESTON, et al.,                         )
                                               )
               Plaintiffs,                     )
                                               )
       v.                                      ) Civ. No. 07-52-SLR
                                               )
MOUNTAIRE FARMS, INC., et al.,                 )
                                               )
               Defendants.                     )

## O R D E R

At Wilmington this 11th day of August, 2008, having reviewed plaintiffs' motion

for a temporary restraining order and defendants' response thereto;

IT IS ORDERED that said motion (D.I. 32) is denied, for the reasons that follow:

1. **Standard of review.** When considering an application for a temporary

restraining order, "[t]he [c]ourt must consider whether (1) the movant has shown that

there is a reasonable likelihood that it will succeed on the merits; (2) the movant has

demonstrated that it will suffer irreparable harm absent the relief sought; (3) other

parties will be substantially injured by the relief; and (4) where the public interest lies."

Tootsie Roll Industries, Inc. v. Sathers, Inc., 666 F. Supp. 655, 658 (D. Del. 1987). "In

order to grant an applicaiton for a temporary restraining order, the [c]ourt must conclude

that each of the four factors weighs in favor of granting temporary injunctive relief."

Playboy Entertainment Group, Inc. v. U.S., 918 F. Supp. 813, 820 (D. Del. 1996).

2. **Background facts.** Plaintiffs have filed the instant lawsuit against

defendants, asserting that defendants have failed to pay plaintiffs the overtime compensation to which they are entitled under the Fair Labor Standards Act ("FLSA"), based on defendants improperly classifying plaintiffs as "exempt" employees. Plaintiffs claim that defendants' noncompliance with the FLSA is willful and that defendants' conduct also violates the Wage Payment and Collection Act, 19 Del. C. §§ 1101 et seq.. Plaintiffs recently have asserted claims of retaliation, based on the following allegations:

a. Plaintiffs Weston and Sampson have been relieved of their Crew Leader responsibilities and reassigned to the poultry processing plant;[1]

b. Various of the plaintiffs claim they have been intimidated by the comments of Live Haul Manager Bruce West.

3. **Analysis.** Assuming that plaintiffs could demonstrate a reasonable likelihood of success on the merits of their claims, nevertheless, the law is clear that they cannot establish irreparable harm on the facts they assert. In the first instance, a change in employment status, even termination, does not constitute irreparable harm absent extraordinary circumstances. See Sampson v. Murray, 415 U.S. 61, 90-92 & n.68 (1974); Moteles v. University of Pennsylvania, 730 F.2d 913, 919 (3d Cir. 1984). Plaintiffs may argue that reassignment to the plant constitutes extraordinary circumstances because the reassignments are alleged to have been motivated by retaliation. However, the United States Court of Appeals for the Third Circuit has

---

[1]These plaintiffs have not lost any income as a result. Defendants indicate, however, that at least one more crew likely will be replaced by an independent contractor, with the same results.

2

Case 1:07-cv-00052-SLR   Document 40   Filed 08/11/2008   Page 3 of 3


explained that a claim of retaliation ordinarily is not sufficient, in and of itself, to constitute irreparable harm.  See Marxe v. C.W. Jackson, 833 F.2d 1121, 1126-27 (3d Cir. 1987). Here, where the reassignments follow defendants' decision to replace some of their own chicken catching crews with an independent contractor, there is little fodder for plaintiffs to exploit in this regard.[2]

4. **Conclusion.**  Plaintiffs have failed to demonstrate irreparable harm.

Therefore, their application for injunctive relief is denied without prejudice.

United States District Judge

---

[2]The court notes that none of defendants' employees should be talking to plaintiffs about the litigation, absent their counsel's knowledge.