UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AUBREY WESTON, et al. | * | |
| Plaintiff, | * | Civil Action No. 1:07-cv-00052 |
| v. | * | |
| MOUNTAIRE FARMS, INC., et al. | * | |
| Defendants. | * | |

## PLAINTIFFS' PROPOSED RETALIATION INSTRUCTIONS

Plaintiffs contend that Mountaire retaliated against them shortly after this lawsuit was filed by calling some of them into Bruce West's office and talking to them about proceeding with the lawsuit. As a result of this conversation, that Plaintiff's took as a threat to their jobs, all but one of the Plaintiffs withdrew from the lawsuit over those concerns. The only remaining member had already retired from Mountaire.

In addition to the above, Plaintiffs contend that Mountaire retaliated against them by transferring three of the Crew Leaders from their positions as Crew Leaders to positions inside the processing facility performing manual work with no supervisory authority. It is undisputed that while this lawsuit was pending, Mountaire contracted with a third party business to replace three of its chicken catching crews including those crews Crew Leaders. The affected Crew Leaders, Plaintiffs Weston, Hudson and Sampson, were assigned to carry out other work for defendants.

Plaintiffs claim that this action constitutes retaliation against them for filing this lawsuit and/or for providing deposition testimony in this case.

To prevail on this claim, Plaintiffs must prove the following by a preponderance of the evidence.[1]

First, they must prove that Mountaire's action was materially adverse to them. To be materially adverse, the action must be serious enough that a reasonable employee in the same situation might well be discouraged from filing a lawsuit.[2]

---

[1] There is no need for an instruction concerning the first element of a retaliation clause, because it is undisputed that Plaintiffs filed this lawsuit.

[2] Third Circuit Model Jury Instruction, 11.1.2. Equal Pay Act, Retaliation

Second, Plaintiffs must prove that Mountaire took the action because they filed this lawsuit or engaged in other conduct associated with this lawsuit. Concering this element, that of causal connection, that connection may be shown in many ways. For example, you may or may not find that there is a sufficient connection through timing, that is Mountaire's action followed shortly after Mountaire became aware of plaintiff's lawsuit or proposed deposition testimony. Causation is, however, not necessarily ruled out by a more extended passage of time. Causation may or may not be proven by antagonism shown toward plaintiffs or a change in demeanor toward plaintiffs.

Ultimately, you must decide whether plaintiffs' filing this lawsuit or proceeding with providing deposition testimony had a determinative effect of Mountaire's retaliatory conduct in transferring the three crew leaders from their positions as crew leaders. "Determinative effect" means that if not for plaintiffs' filing of the lawsuit or providing deposition testimony, the three crew leaders would not have been transferred from their positions.[3]

If you find that Mountaire engaged in retaliation, you must decide what damages to award. The damages may include the following:

You may award lost wages, i.e., the difference in wages between the Plaintiffs' jobs as Crew Leaders and their new jobs.[4] You should be aware that the Court will automatically double any amount you award as lost wages.

You may award damages for emotional or mental harm caused by retaliation.[5]

You may award punitive damages[6] to punish defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. You may award punitive damages even if one or more of the plaintiffs suffer no actual injury, and so receives nominal rather than compensatory damages. An award of punitive damages is permissible in this case only if you find by a preponderance of the evidence that a management official personally acted with malice or reckless indifference to plaintiffs' federally protected rights. An action is with malice if a person knows that it violates the federal law pertaining to paying overtime and does it anyway. Any action is with reckless indifference if taken with knowledge that it may violate the law.[7]

---

[3] Third Circuit Model Jury Instructions § 5.1.7.

[4] Backpay is legally available as a remedy; however, Mountaire intends to move for judgment as a matter of law on this issue on the grounds there is no evidence of lost income.

[5] Compensatory damages are legally available as a remedy; however, Mountaire intends to move for judgment as a matter of law on this issue on the grounds that there is no evidence supporting such an award.

[6] *Marrow v. Allstate Sec. & Investigative Services, Inc.*, 167 F.Supp.2d 838, 842 (E.D. Pa. 2001)

[7] Third Circuit Model Jury Instructions § 5.4.2.

If you have found the elements permitting punitive damages, as discussed in this instruction, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or reckless disregard of federal rights, or to deter a defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish the defendant. You should also consider whether actual damages standing alone are sufficient to dter or prevent the defendant from again performing any wrongful acts it may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter others from performing wrongful acts similar to those defendant may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which defendant should be punished for its wrongful conduct, and the degree to which an award of one sum or antoher will deter defendant or others from committing similar wrongful acts in the future.[8]

You should not award attorneys fees. If Plaintiffs win the retaliation claim, I will decide how much to award as attorneys fees.

---

[8] *Id.*