**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **AUBREY WESTON, et al.** | * |
| Plaintiff, | *  Civil Action No. 1:07-cv-00052 |
| v. | * |
| **MOUNTAIRE FARMS, INC., et al.** | * |
| Defendants. | * |

**DEFENDANTS' PROPOSED RETALIATION INSTRUCTIONS**

It is undisputed that while this lawsuit was pending, Mountaire contracted out the work of three crews, and reassigned the affected Crew Leaders to other work.

The three affected Crew Leaders, Plaintiffs Weston, Hudson, Sampson, claim that this action by Mountaire constituted retaliation against them for filing and participating in this lawsuit.

To prevail on this claim, the three Plaintiffs in question must prove the following by a preponderance of the evidence.[1]

    First, they must prove that Mountaire's action was materially adverse to them. To be materially adverse, the action must be serious enough that a reasonable employee in the same situation might well be discouraged from filing a lawsuit.[2]

    Second, the three Plaintiffs in question must prove that Mountaire intended to retaliate and that this intention had a determinative effect on the Company's decision.[3]

---

[1] There is no need for an instruction concerning the first element of a retaliation clause (participation) because it is undisputed that Plaintiffs filed this lawsuit. The third element of a prima facie case, causation, is subsumed in the plaintiff's ultimate burden of proof and should not be covered in the instruction. *Pivirotto v. Innovative Systems*, 191 F.3d 344, n. 1 (3d Cir. 1999)("the only question the jury need answer is whether the plaintiff is a victim of intentional discrimination.").

[2] Third Circuit Model Jury Instruction, 11.1.2. Equal Pay Act, Retaliation. *Burlington N. & S.F. Ry v. White*, 126 S.Ct. 2405 (2006).

To prove that Mountaire intended to retaliate, Plaintiffs must prove that Mountaire's explanation for its actions is false and that retaliation was the real reason for the decision.[4]

If you find that Mountaire engaged in retaliation, you must decide what damages to award. The damages may include the following:

You may award lost wages, i.e., the difference in wages between the Plaintiffs' jobs as Crew Leaders and their new jobs.[5] You should be aware that the Court will automatically double any amount you award as lost wages.[6]

You may award damages for emotional or mental harm caused by retaliation.[7]

You may not award punitive damages.[8]

***If the Court decides to instruct the jury on punitive damages, the Company proposes the following without waiving its position that punitive damages are not available in this case.***

---

[3] *Woodson v. Scott Paper*, 109 F.3d 913, 932 (3d Cir. 1998)("Third Circuit precedent requires a district court to instruct a jury that it can hold a defendant liable only if the prohibited activity had a determinative effect on the decision to terminate the plaintiff."); *Kant v. Seton Hall University*, 279 Fed. Appx. 152 (3d Cir. 2008).

[4] *Marra v. Philadelphia Housing Authority*, 497 F.3d 286, 300 (3d Cir. 2007); *Reeves v. Sanderson Plumbing*, 530 U.S.133 (2000).

[5] Backpay is legally available as a remedy; however, Mountaire intends to move for judgment as a matter of law on this issue on the grounds there is no evidence of lost income.

[6] 29 U.S.C. § 216(b).

[7] Compensatory damages are legally available as a remedy; however, Mountaire intends to move for judgment as a matter of law on this issue on the grounds that there is no evidence supporting such an award.

[8] *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928 (11th Cir. 2000)(punitive damages not available in FLSA retaliation claim). *But see Travis v. Gary Community Health Center*, 921 F.2d 108 (7th Cir. 1990); *Marrow v. Allstate Security*, 167 F.Supp.2d 838 (E.D.Pa. 2001). Mountaire intends to move for judgment as a matter of law on this issue on the grounds that punitive damages are not available as a matter of law and that the facts of this case would not support such an award.

You may award punitive damage only if you find by a preponderance of the evidence that a management official of Mountaire personally acted with malice or reckless indifference to plaintiffs' rights in retaliating against the plaintiffs. Action is with malice if a person knows that it violates the federal law prohibiting retaliation and does it anyway. Any action is with reckless indifference if taken with knowledge that it may violate the law. [9]

If you have found the elements permitting punitive damages, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or reckless disregard of federal rights or to deter a defendant from doing other similar things in the future. You should also consider whether an award of actual damages standing alone would be sufficient to accomplish these purposes. If you decide to award punitive damages, you should consider the same factors in deciding the amount.[10]

You should not award attorneys fees. If Plaintiffs win the overtime or retaliation claim, I will decide how much to award as attorneys fees.

You should not interpret my instructions on damages as suggesting that I have any view on how you should decide the case.

---

[9] Third Circuit Model Jury Instructions § 6.4.2; *Kolstad v. American Dental Assoc.*, 527 U.S 526 (1999).

[10] Third Circuit Model Jury Insturctions § 6.4.2 (edited to avoid repetition).